IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTOINE DEPAUL MARSHALL,

    Petitioner,

v.

Civil Action No. 3:14-cv-3
(Judge Groh)

ANNE MARY CARTER,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 8, 2014, the *pro se* petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, seeking an order requiring the Bureau of Prisons ("BOP") to conduct a review of his Residential Reentry Center ("RRC") placement determination and consider him for the maximum amount of RRC time available. On January 17, 2014, the petitioner paid the $5.00 filing fee. By Order entered on March 21, 2014, this Court directed the respondent to show cause why the petition should not be granted. On April 9, 2014, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. On April 10, 2014, a Roseboro Notice was issued. On April 23, 2014, the petitioner filed a memorandum in opposition to the respondent's motion.

### II. FACTS

On April 17, 1998, petitioner was sentenced by the United States District Court for the District of Maryland to 235 months of incarceration to be followed by five years of supervised release, for a violation of 21 U.S.C. § 846, Conspiracy to Distribute Heroin and Cocaine. Petitioner has a projected release date of January 7, 2015.

On June 10, 2013, petitioner submitted an Electronic Request to Staff inquiring about his

RRC recommendation and that he be considered for the full twelve months available under the Second Chance Act of 2007. On June 11, 2013, petitioner submitted an Inmate Request to Staff after the response to his Electronic Request to Staff did not address his concern. That same day, Case Manager Turner responded to petitioner's Inmate Request to Staff that his RRC recommendation would be reviewed at the September team meeting when petitioner would be nineteen months from release.

On June 17, 2013, petitioner began the Administrative Remedy Process by filing a BP-8 ½ to his Unit Team. On June 19, 2013, the Unit Team responded that petitioner was still twenty-one months and fourteen days from his Projected Release Date and that his paperwork would be submitted prior to his next team. On June 21, 2013, petitioner filed a BP-9 to Warden Carter which was subsequently denied on July 17, 2013. On July 23, 2013, petitioner filed a BP-10 to the Regional Office for the Mid-Atlantic Region. The BP-10 was denied on August 2, 2013. Petitioner filed a BP-11 on August 22, 2013, to the Central Office in Washington, D.C. The Central Office responded on December 10, 2013, by denying petitioner's request.

On January 8, 2014, petitioner filed for habeas relief with this Court. In his petition, the petitioner challenges the Bureau of Prison's determination that he be placed in an RRC for less than six months.[1] As relief, the petitioner seeks a court order requiring the Bureau of Prisons to conduct a review of his RRC placement determination and consider him for the maximum amount of RRC

---

[1] In total, petitioner raises four "issues for consideration." The BOP construed these "issues" as a claim that the BOP abused its discretion in recommending petitioner for a six month placement in an RRC and that "issues B and D" are arguments offered in support of petitioner's claim. "Issue C" is an allegation that the BOP violated existing policy by changing Petitioner's RRC placement recommendation during the administrative remedy process from the initial recommendation of 150 to 180 days to 120 to 150 days.

time available.

On February 6, 2014, after a review of petitioner's post-incarceration transitional needs, staff recommended that if petitioner was not approved for direct home confinement, that he be placed in a RRC for 150 to 180 days.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenged the BOP's determination that he be placed in an RRC for less than six months. As relief, the petitioner seeks an order requiring the BOP to conduct a review of his placement determination and consider him for the maximum amount of RRC time available.

On July 10, 2014, the petitioner filed with the Court a Notice of Change of Address.[2] Accordingly, the petitioner is no longer in the custody of the Bureau of Prisons and there is no relief that this Court can offer. Therefore, this case is now moot.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's § 2241 petition (Docket No. 1.) be **DISMISSED AS MOOT** and the Respondent's Motion to Dismiss, or in the

---

[2]The *pro se* law clerk for the United States District Court for the Northern District of West Virginia also contacted the Bureau of Prisons to confirm petitioner's location.

3

Alternative, Motion for Summary Judgment (Docket No. 9.) be **DENIED AS MOOT**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 7, 2014

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE